UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW PAVLOU,

       Plaintiff,

v.                                                    CASE NO.: 8:09-cv-1456-T-30MAP

MICHAEL J. ASTRUE,
Commissioner of Social Security,
       Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court for review of an administrative decision denying Plaintiff's application for Supplemental Security Income ("SSI") and period of disability benefits (doc. 1). Although this is the first time Plaintiff has sought review by this Court, he has thrice appeared before two different Administrative Law Judges ("ALJ(s)") and twice the Appeals Council has remanded his case to the ALJ due to multiple errors. At this juncture, Plaintiff asserts the ALJ erred by posing an incomplete hypothetical to the vocational expert, by improperly discrediting the opinions of Drs. Nair, Miles, Uphal, and Abinales, failing to discuss consultative psychologist Hodan's opinion that his condition had deteriorated since his first consultative examination, and failing to properly evaluate whether he suffers from Chronic Fatigue Syndrome as set forth in SSR 99-2p (including failing to discuss lay opinion evidence). After reviewing the record, I find that the ALJ erred by neglecting to discuss treating physician evidence, and as a result his analysis is flawed as discussed herein. I, therefore, recommend that this case be remanded to the Commissioner with instructions to award benefits for the closed period beginning April 29, 2002, through October 1, 2005, for the reasons stated below.

*A.     Background*

Plaintiff filed an application for SSI and period of disability benefits on April 29, 2002. After conducting a hearing, ALJ Ouelette denied his application for benefits in a ten page written decision. R. 330-330. Thereafter, upon Plaintiff's appeal, the Appeals Council remanded the case for reconsideration, specifically instructing the ALJ to evaluate the opinion of Dr. Nair in light of new treatment notes that Plaintiff submitted, to consider new medical evidence from additional treating physicians, to address lay witness statements and occupational testing results, to give further consideration to treating and examining source opinions and to explain the weight assigned to each, to further evaluate Plaintiff's subjective complaints, to further evaluate Plaintiff's mental impairments, to further consider Plaintiff's maximum residual functional capacity, and to obtain supplemental evidence from a vocational expert if warranted by the expanded record. R. 342-43.

Upon remand, ALJ Oulette again denied benefits, this time in a nineteen page written decision, finding Plaintiff could have performed work as a small products assembler, a produce inspector, or a line inspector, during the alleged closed period of disability from April 29, 2002, through October 1, 2005. R. 554-572. The Appeals Council vacated the decision, finding it deficient with regard to its lack of a comprehensive evaluation of the Plaintiff's mental impairments, lack of a function-by-function assessment of his ability to do work-related physical and mental activities and sufficient rationale with specific references to evidence of record in support of the assessed limitations. rationale in support of the assessment of functional areas, reference to Plaintiff's prior work as a pharmacy deliverer in 1990 when that job did not meet the recency requirement for past relevant work. Moreover, the Appeals Council noted that the hearing recording could not be found, and the record was therefore incomplete.

On remand for the second time, the Appeals Council directed that the case be assigned to another ALJ, and that the ALJ update the treatment record, further evaluate the Plaintiff's mental impairments, further consider the Plaintiff's maximum residual functional capacity and provide a function-by-function assessment, properly consider Plaintiff's past relevant work, and, if necessary, to obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the occupational base. R. 594-596. The new ALJ, Ayer, found that the Plaintiff suffered from the severe impairments of chronic fatigue syndrome ("CFS") and mental impairment(s), but once again denied Plaintiff benefits, concluding that he is capable of performing a limited range of unskilled light work, including jobs as a medical supply assembly, sales attendant, and telephone clerk. R. 29-38. At this juncture, the Appeals Council denied Plaintiff's request for review, the Plaintiff exhausted his remaining administrative remedies, and this case is now ripe for review.[1] R. 14-17.

### B. Standard of Review

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart

---

[1] This matter has been referred to me pursuant to Local Rule 6.01(c)(21).

P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert,* 482 U.S. 137 (1987); 20 C.F.R. §§ 404.1520(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he/she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

    C.    Discussion

        1. *Treating physicians' opinions*

Plaintiff claims the ALJ failed to give proper weight to the opinions of his treating doctors, Drs. Nair, Miles, Uphal, and Abinales. The law of this circuit requires that the testimony of a treating physician be given substantial or considerable weight unless "good cause" is shown to the contrary. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Commissioner's

regulations dictate a similar preference:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations or brief hospitalizations.

20 C.F.R. § 404.1527(d)(2). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weight the medical opinion based on the: (1) the frequency of examination and the length, nature, and extent of the treatment relationship; (2) the evidence in support of the opinion, i.e., "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight" that opinion is given; (3) the opinion's consistency with the record as a whole; (4) whether the opinion is from a specialist; if it is, it will be accorded greater weight; and (5) other relevant but unspecified factors. 20 C.F.R. § 404.1527(d)(2). An ALJ may reject the opinion of any physician when the evidence, as a whole, supports a contrary conclusion. *Bloodsworth*, 703 F.2d at 1240 (citing *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981)). Furthermore, should the ALJ discount the treating physician's opinion he must clearly articulate the reasons for giving less weight to the opinion, and failure to do so is reversible error. *Morrison v. Barnhart*, 278 F.Supp. 1331, 1334 (M.D. Fla. 2003).

A treating source's opinion that a claimant is unable to work is not a "medical opinion" as defined by the regulations, but it is an opinion on an issue reserved to the Commissioner. 20 C.F.R. § 404.1527(e). Where the record contains such an opinion, the ALJ must evaluate all the evidence to determine the extent that it is supported by the record, but an opinion that a claimant is unable to work is never entitled to controlling weight or special significance. S.S.R. 96-5p, 1996 WL 374183,

*1-3 (S.S.A.).

The ALJ has clearly articulated his reasons for not giving controlling weight to Plaintiff's treating physician, Dr. Miles. Dr. Miles completed two social services forms dated April 24, 2002, and March 20, 2003, indicating Plaintiff was disabled for three months due to CFS R. 244, 430. In considering these opinions, the ALJ explicitly stated, "... He was examined by Dr. Miles who made no diagnosis, but stated the claimant was incapable of employment for an estimated 3 months without further explanation. This is an opinion on a controlling issue reserved to the Commissioner. Therefore the opinion is not entitled to controlling weight or special significance (SSR 96-5p)." R. 36 Moreover, the ALJ further explained that Dr. Miles referred Plaintiff to Dr. Levenson for further evaluation of his CFS, and that Dr. Levenson, after obtaining all of Plaintiff's prior medical records, opined that Plaintiff's lab tests revealed that although Plaintiff had been exposed to Epstein-Barr virus in the past he had no (+) IgM titers and there was no basis for a Social Security disability due to CFS or other conditions. R. 36.

Similarly, the ALJ stated in his opinion that he "was aware of Dr. Uppal's July 10, 2003 opinion expressed in connection with a Pinellas County Human Services Department disability evaluation that the claimant was disabled for 3 months without further explanation. R. 240, 242, 243. This is an opinion on an issue reserved to the Commissioner. Therefore, the opinion is not entitled to controlling weight or special significance." R. 36. As both Dr. Levenson and the Commissioner noted, Drs. Miles and Uppal's opinions that Plaintiff was disabled for a specified period of time are unsupported by the medical evidence and are simply in response to Plaintiff's request for assistance in qualifying for benefits.

However, the ALJ erred by failing to address the opinion of Dr. Nair. Dr. Nair treated

Plaintiff from May through August 2004 for anxiety, and completed two social services forms indicating Plaintiff was disabled for a period of twelve months due to severe anxiety. The second form also indicated disability due to Peyronie's disease. R. 481-487, R. 326, R. 517. Notwithstanding the facts that Dr. Nair's records are cursory, that it is unclear from his treatment notes whether or not any medications were prescribed, and, as the previous ALJ Outlette noted, Dr. Nair is a specialist in endocrinology, diabetes mellitus, and metabolism, not mental health, I cannot find that the ALJ's failure to consider Dr. Nair's evidence and opinions was harmless error.

Although an ALJ may reject the opinion of any treating physician when the evidence, as a whole, supports a contrary conclusion, the ALJ must state his reasons for doing so. *See Bloodsworth*, *supra*, 703 F.2d at 1240; *Wiggins v. Schweiker*, 679 F.2d 1387, 1390 (11th Cir. 1982) ("Our case law requires that unless good cause is shown to the contrary, the ALJ must accord "substantial weight" or "considerable weight" to the opinion, diagnosis, and medical evidence of the claimant's treating physician."). The ALJ ultimately opined that Plaintiff suffers from a mental impairment, but remains capable of performing a reduced range of light work. By failing to mention Dr. Nair and the weight, if any, he assigned to Dr. Nair's evidence that Plaintiff suffers from anxiety to the extent that he is unable to work, the ALJ's opinion implicitly rejected Dr. Nair's opinions and failed to consider them in determining Plaintiff's limitations. "[I] cannot say that the failure to address Dr. [Nair]'s opinion was harmless without re-weighing the evidence and engaging in conjecture that invades the province of the ALJ." *Nyberg v. Commissioner of Social Security*, 179 Fed.Appx. 589, 592 (11th Cir. 2006) (reversing district court's finding that failure to consider treating doctor's opinions were harmless). *See also Wiggins v. Schweiker*, 679 F.2d 1387, 1390 (11th Cir. 1982) (if reviewing court is unable to ascertain what, if any, weight was given to the treating doctor's

opinion, remand is necessary); *Mancino v. Astrue,* 2009 WL 1674143, *12 (M.D. Fla. 2009) ("The ALJ may discount the treating physicians opinion, however, he must clearly articulate the reasons for giving less weight to the opinion and failure to do so is reversible error").[2]

Lastly, it is difficult to decipher whether and on what basis the Plaintiff claims the ALJ erred in his consideration of Dr. Abinales. In any event, my review shows that the ALJ discussed Dr. Abinales and the treatment and diagnosis assigned to Plaintiff R. 32-33. The ALJ neglected to mention that Dr. Abinales completed a social services form dated January 7, 2004, indicating that Plaintiff was disabled for a period of six months due to a pineal gland cyst (R. 239). Apparently, however, Dr. Abinales referred Plaintiff to Dr. Jacob, a neurologist, who reviewed an MRI of Plaintiff's brain showing the pineal gland and opined one week later on January 15, 2004, that no treatment was needed regarding the cyst as Plaintiff was "asymptomatic at this time" R. 319.

   *2. Psychological consultation*

The Plaintiff inartfully asserts that the ALJ erred by failing to specify the weight assigned to the opinions of consulting psychologist Hodan who twice examined Plaintiff, on August 15, 2002, R. 256 and on July 1, 2005, R. 543. Essentially Plaintiff's argument is two-pronged: 1) that the ALJ erred by giving greater weight to Hodan, a consultant (who noted only moderate mental limitations), than to Nair, a treating doctor (who opined Plaintiff was completely unable to work); and 2) that the

---

[2] In contrast, when an ALJ neglects to discuss a treating doctor who has not rendered any opinions contradicting the ALJ's findings, remand is unnecessary. *See e.g. Wright v. Barnhart*, 153 Fed.Appx. 678 (11th Cir. 2005) (finding that although the ALJ did not explicitly state weight afforded to several treating physicians, none of the physicians opined that the claimant could not perform sedentary work and none of their opinions directly contradicted the ALJ's findings, and, therefore, any error regarding their opinions was harmless). Here, however, the ALJ's finding that Plaintiff's anxiety did not prevent him from performing work is clearly contrary to Dr. Nair's two opinions hat Plaintiff was disabled for periods of twelve months due to anxiety. Hence, remand is necessary.

ALJ erred by failing to discuss the fact that Hodan found that Plaintiff's "mental health problems, as well as his physical health problems, are conisdered chronic and will, thus, significantly interfere with him being able to function at optimal levels in a work setting, particularly a work setting where having to cope with stress is involved, even stress at a minimal level" and that his "mental health status has declined significantly since my previous consultation with him." *See* R. 549. I already discussed the ALJ's error in failing to discuss Dr. Nair's treatment and opinions. I find that the ALJ erred by failing to discuss Hodan's opinions set forth in his more recent evaluation, including that "he is in need of mental health intervention, counseling along with medication" (R. 548) and those quoted above. Moreover, the ALJ should have considered the mental health evidence *as a whole* per the regulations in determining whether the Plaintiff's impairment precluded work during the closed period.[3] In light of the fact that the Appeals Council specifically instructed the ALJ on remand to provide a comprehensive evaluation of Plaintiff's mental impairments, I find the ALJ erred in this regard.

### 3. *Chronic Fatigue Syndrome*

Plaintiff asserts the ALJ erred by failing to properly analyze his chronic fatigue syndrome. Courts recognize that diagnosing CFS is difficult. One court noted, "diagnosing CFS is not sport

---

[3] In discussing Hodan's July 2005 consultative report, the ALJ stated only that "A July 2005 psychological evaluation conducted by Dr. Hodan resulted in him concluding the claimant had difficulty concentrating. The claimant stated he failed to remain on task and to complete activities in a normal amount of time and could not change from one activity to another because he forgot to go back to complete the first activity. He complained of short attention span; difficulty starting tasks and impaired short term memory." R. 34-35. This description fails to accurately summarize Hodan's opinions. Most importantly, it fails to include the facts that Hodan felt mental health treatment and medications were needed and that Plaintiff's mental health had deteriorated since his first evaluation in 2002 (the beginning of the relevant time period).

for the short-winded." *Rose v. Shalala,* 34 F.3d 13, 18 (1st Cir. 1994). Likewise, the Eleventh Circuit has recognized that:

> ... the Social Security Administration recently concluded that there are no specific laboratory findings that are widely accepted as being associated with CFS. According to the Social Security Ruling 99-2p, the hallmark symptom of CFS is the presence of clinically evaluated, persistent or relapsing chronic fatigue that is of new or definite onset and cannot be explained by another physical or mental disorder. Moreover, CFS is not the result of ongoing exertion, is not substantially alleviated by rest, and results in substantial reduction in previous levels of occupational, educational, social or personal activities.

*Vega v. Commissioner of Social Security*, 265 F.3d 1214, 1219-1220 (11th Cir. 2001) (finding that the ALJ did not meaningfully conduct an analysis of the effect of CFS on Vega's ability to work and that the medical evidence and Vega's testimony support a diagnosis of CFS). Specifically, Plaintiff states the ALJ should have considered the lay opinion evidence, letters from Plaintiff's rabbi, cantor, parents, and ex-girlfriend, and the occupational testing from Abilities (finding him unemployable). Interestingly, the Appeals Council had directed the ALJ to consider this evidence early in the administrative review process in January 2006. R. 342. While ALJ Outlette discussed these letters in his second written opinion (R. 566-568), ALJ Ayers did not. *See* SSR 99-2p (suggesting that third party information, including information from neighbors, friends, relatives or clergy "help to assess an individual's ability to function on a day-to-day basis to depict the individual's capacities over a period of time").

In view of the fact that the Appeals Council instructed the ALJ on remand to conduct a function-by-function analysis of the Plaintiff's ability to perform work, and the fact that SSR 99-2p instructs that the "adjudicator should carefully consider [third party information] when making findings about the credibility of the individuals allegations regarding functional limitations or

restrictions" coupled with the fact that several of Plaintiff's treating doctors found his fatigue and (likely connected) mental health diagnoses resulted in his inability to work, I find the ALJ erred in considering Plaintiff's CFS and the related limitations.

### 4. Hypothetical

The ALJ must pose an accurate hypothetical that takes into account all the claimant's impairments. *See Pendley v. Heckler,* 767 F.2d 1561 (11th Cir. 1985). Of course, the ALJ is not required to include limitations found not credible, and submits to the expert only those supported by objective evidence of record. *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996), *McSwain v. Bowen*, 814 F.2d 617, 620 n.1 (11th Cir. 1987). Plaintiff complains that the hypothetical posed to the vocational expert in this case included only the mental limitations or restrictions imposed by the state agency doctors. Because I find that the ALJ erred by failing to consider the opinions of Dr. Nair and to consider Hodan's opinions rendered in 2005, I also find that the hypothetical posed to the vocational expert may have been deficient too.

### D. Conclusion

I find this case's procedural history troubling. Plaintiff first filed his application for benefits on April 29, 2002, he has appeared before two different ALJs at three different hearings beginning in May 3, 2004, twice the Appeals Council cited numerous bases for reversing the ALJ's decisions, once the administrative hearing recording was lost, and once the Appeals Council reprimanded the ALJ for using his written decision as a forum for criticizing the Plaintiff's legal representative (R. 595). At this juncture, as discussed above, I find remand necessary due to the ALJ's failure to discuss a treating doctor's medical evidence and the opinions rendered therein. Other errors by the ALJ noted herein are also troubling. However, I am hesitant about remanding this case for further

administrative review.

Over eight years have passed since the Plaintiff first alleges he became disabled. At times he has lived on the streets due to his inability to support himself in light of his alleged impairments. As another judge noted in a similar social security appeal, "In a number of other lengthy delay cases, courts have determined that equitable considerations outweighed the need for further administrative adjudication, whether because of the futility of further administrative proceedings with repeated remands, the failure of the agency to follow the court's remand instructions, the Commissioner's failure to carry his burden of proof, the existence of extraordinary delay, or a combination of these factors. *Ray v. Astrue*, 2009 WL 799448 (M.D. Fla. March 24, 2009) citing 2 Barbara Samuels, Social Security Disability Claims: Practice and Procedure § 19:59 (2d ed 2008). The Commissioner should not be entitled "to adjudicate a case 'ad infinitum until it correctly applies the correct legal standard and gather evidence to support its conclusion.'" *Sisco v. United States,* 10 F.3d 739, 745 (10th Cir. 1993). Fairness demands that the review process end at some point. The Commissioner does not receive "endless opportunities to get it right." *Ray, supra*, at *9 citing *Seavey v. Barnhart*, 276 F.3d 1, 13 (1st Cir. 2001). For the reasons stated above, I recommend that the decision of the Commissioner be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and remanded for calculation of benefits to Plaintiff for the closed period of April 29, 2002, through October 1, 2005.

IT IS SO RECOMMENDED in chambers at Tampa, Florida on this 6th day of August 2010.

/s/ Mark A. Pizzo
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).